BLUE, Judge.
Roy Haywood appeals his convictions and sentences for numerous criminal offenses related to sexual activities with a child. Of the several issues presented by Haywood, we find merit only in his arguments regarding the sufficiency of the evidence as to some counts and a sentencing error. Accordingly, we do not address his remaining issues.
We affirm Haywood’s convictions for capital sexual battery (counts I and II) and their concurrent twenty-five year minimum mandatory sentences. We also affirm the convictions for a lewd and lascivious act (count VI), and child abuse (count VII). Because Haywood was sentenced on these noncapital offenses without a sentencing guidelines score-sheet, we reverse and remand for resentenc-ing on counts VI and VII. See Linen v. State, 620 So.2d 254 (Fla. 2d DCA 1993).
We are required to reverse Haywood’s convictions on counts III, TV, and V (engaging a child in sexual activity) because the state failed to present a prima facie case. The record contains absolutely no evidence to support criminal charges concerning sexual activity after the victim’s twelfth birthday. Defense counsel’s motion for judgment of acquittal was sufficient to present this issue to the trial court and to preserve it for appeal. The trial court erred by not granting a judgment of acquittal on counts III, IV and V and therefore, we reverse those convictions and sentences.
Affirmed in part, reversed in part, and remanded for resentencing on counts VI and VII.
THREADGILL, C.J., and PATTERSON, J., concur.